```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NORTH DAKOTA
                        SOUTHEASTERN DIVISION

Duratech Industries              )
International, Inc.,             )
                                 )
          Plaintiff,             )
                                 )       Case No. 3:05-cv-90
    vs.                          )
                                 )
Bridgeview Manufacturing,        )
Inc.,                            )
                                 )
          Defendant.             )
```

**<u>Order on Motion for Reconsideration</u>**

The Defendant, Bridgeview Manufacturing ("Bridgeview"), has moved for reconsideration of this Court's <u>Markman</u> Opinion and Order (doc. #111).  In its Markman Opinion and Order, this Court held the term "manipulator" in U.S. Patent No. 6,375,104 ("the '104 Patent") was a means-plus-function limitation as provided for in 35 U.S.C. § 112, ¶ 6 (doc. #100).  Because the Court's analysis is correct, the Motion for Reconsideration is **DENIED.**

First, Bridgeview argues Duratech unfairly withheld its arguments.  However, Duratech's attorney clearly discussed its argument at the Markman hearing.  Bridgeview's attorney never objected to the presentation of Duratech's exhibits or argument during the hearing.  The Court holds the method by which it conducted its hearing was proper.

Second, Brideview argues the Court misread the prior art because several of the patents use "variants" of manipulator.  However, the use of variants of manipulate in the prior art are

in different contexts.  The examples Bridgeview provides show the use of manipulate as a verb explaining the action of a structure or an adjective modifying a structure.  It is not the structure.

Third, Bridgeview notes many other patents have used the term manipulator to describe a structure.  However, many of these are in other mechanical engineering inventions not related agricultural processors.  They add little to explain to an ordinary person in the field what a manipulator might be in this invention and, if anything, demonstrate that more specificity is needed to construe the '104 patent.  As Duratech notes, "manipulator" is meaningless without referring to the specification (doc. #122 at 7).

Fourth, Bridgeview argues the Court misconstrued the holding in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005).  However, the court in Phillips specifically stated "'[t]he best source for understanding a technical term is the specification from which it arose, informed, as needed, by the prosecution history.'"  Id. at 1315 (quoting Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1478 (Fed. Cir. 1998)).  That is precisely what this Court did.

Fifth, Bridgeview properly notes the '104 patent does not use the phrase "manipulator means" as this Court suggested.  This is correct; the '104 patent uses the phrase "manipulation means."  The Court's Markman Opinion and Order is modified to reflect this change.  However, in the Court's opinion, this correction does

2

not change the Court's conclusion because both are noun forms of manipulate.  The analysis remains the same.

Sixth, Bridgeview argues the Patent and Trademark Office's rejections were based entirely on concerns over the similar Canadian patent.  While the Canadian patent certainly played a role in the approval of the '104 patent, Bridgeview chose the amendment for the manipulator limitation the Patent and Trademark Office adopted.  Nothing presented changes the conclusion that a means-plus-function limitation was adopted.

Finally, Bridgeview argues that including a function in the limitation does not make it a means-plus-function limitation.  However, the inclusion of a function was just one piece of the puzzle that led the Court to its conclusion.  For a structure to be removed from § 112 ¶ 6 when it recites a function, it must also recite "sufficient" structure to perform the claimed function.  See Rodime PLC v. Seagate Technology, Inc., 174 F.3d 1294 (Fed. Cir. 1999).  "Manipulator" without looking to the specification does not provide sufficient structure to perform the stated function.  Thus, means plus function must apply.  Bridgeview's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of September, 2007.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court