```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NORTH DAKOTA
                      SOUTHEASTERN DIVISION
```

Duratech Industries            )
International, Inc.,           )
                               )
            Plaintiff,         )
                               )     Case No. 3:05-cv-90
    vs.                        )
                               )
Bridgeview Manufacturing,      )
Inc.,                          )
                               )
            Defendant.         )

### Opinion and Order

The Plaintiff, Duratech Industries ("Duratech"), sued the Defendant, Bridgeview Manufacturing ("Bridgeview"), for a declaratory judgment of noninfringement or patent invalidity regarding U.S. Patent No. 6,375,104 ("the '104 Patent"). The parties have filed three motions for summary judgment. The Court will address each motion, but because genuine issues of material fact remain, all three motions are **DENIED**.

**I.   Duratech's Motion for Summary Judgment of Noninfringement**

First, Duratech moves for summary judgment that its invention does not literally infringe the '104 Patent. The Court construed the "manipulator" limitation of claim 1 as a means-plus-function limitation under 35 U.S.C. § 112, ¶ 6 (doc. #100). For literal infringement under § 112, ¶ 6, the accused structure must either be the same as the patented structure or be "equivalent." In other words the patent holder must show the accused structure (1) performs the identical function and (2) is

1

insubstantially different from the patented structure. <u>Kemco Sales, Inc. v. Control Papers Co., Inc.</u>, 208 F.3d 1352, 1364 (Fed. Cir. 2000). Two structures may be "equivalent" under § 112, ¶ 6 "if they perform the identical function, in substantially the same way, with substantially the same result." <u>Id.</u> While the structures may be different, that is not dispositive. <u>See</u> <u>IMS Technology, Inc. v. Haas Automation, Inc.</u>, 206 F.3d 1422 (Fed. Cir. 2000) (holding equivalency does not require a rigid comparison of structures).

  At oral argument, Duratech conceded that its product performed the identical function with substantially the same result as Bridgeview's '104 Patent. Therefore, the only issue is whether the Duratech product performs the function in substantially the same way. At first glace, the two processors appear quite different. The manipulator of the Bridgeview processor uses two rollers with paddles to grip and turn the bale. The Duratech processor uses a chain and slat conveyor to turn the bale. Because of these differences, the position of the disintegrators in each is different: Bridgeview's is centered, Duratech's is in the corner of the container opposite the discharge opening. Because of these structural differences, the bales are supported differently. However, the two processors are similar in that they both turn the baled crop material in the shredding container so that the bale and the disintegrator may encounter each other in the same direction. Gravity assists both processors in performing this function. The position of the

disintegrator may be important or irrelevant. For these reasons, issues of fact remain concerning whether the structures perform the function in substantially the same way, so summary judgment is inappropriate.

Regarding the right side wall of each processor, they also have some differences. Bridgeview's is stationary and provides support from this stationary position. Duratech's pivots outward at the top to open the container for shredding. However, both form a rigid wall to the right side of the machine. A jury may consider Duratech's pivoting wall important or irrelevant. Therefore, sufficient factual issues exist that a jury should answer whether they infringe. Duratech's motion for summary judgment of noninfringement is **DENIED**.

## II. Bridgeview's Motion on Claims 2 and 3

Bridgeview has moved for summary judgment that claims two and three of the '104 Patent are valid and infringed. At oral argument, Bridgeview conceded the argument regarding infringement. It maintains its validity argument.

Bridgeview argues Duratech's expert conceded the validity of claims two and three by not raising an invalidity argument prior to now. However, in its complaint, Duratech claimed invalidity of the '104 Patent as a whole. It also argues its expert has not conceded the validity of claims two and three. The Court has reviewed the expert's submissions and reports and does not believe they should be construed as a concession of claims two

3

and three.  Therefore, summary judgment is inappropriate, and Bridgeview's motion is **DENIED**.

### III. Duratech's Motion for Summary Judgment of Invalidity

Duratech argues claim one is invalid under the doctrines of anticipation and inherency.  The doctrine of anticipation requires the patent challenger to overcome the presumption that a patent is valid by clear and convincing evidence.  35 U.S.C. § 282 (2000); Moba, B.V. v. Diamond Automation, Inc., 325 F.3d 1306, 1319 (Fed. Cir. 2003).

Duratech argues the '104 Patent was anticipated by the U.S. Patent No. 4,830,292 ("the '292 Patent).  Under the doctrine of anticipation found in 35 U.S.C. § 102(e) (2000), each and every limitation of the accused patent must have been disclosed in a single prior-art reference.  Moba, 325 F.3d at 1321-22.  If the prior art does not explicitly disclose every limitation of the accused patent, the doctrine of inherency provides for invalidity through anticipation if a person of ordinary skill in the art would recognize the limitation is necessarily present.  Rosco, Inc. v. Mirror Lite Co., 304 F.3d 1373, 1380 (Fed. Cir. 2002).  The missing limitation must be necessary, not just probable or possible.  Id.

In this case, the '292 Patent was explicitly disclosed in the '104 Patent application and the Background of the Invention.  This shows the Patent and Trademark Office was informed of the prior art.  Furthermore, the '292 Patent does not explicitly

4

disclose a rotation converter.  The specification of the '292 Patent does not state how a directional conversion would be accomplished if the '292 Patent discloses a right-side discharge shredder.  Bridgeview's expert opined that it may be accomplished by a tractor power-take-off rotation converter, a reversible drive on the tractor, a reversible hydraulic motor, a pump-motor-reservoir system on the tractor or the bale processor, or reversible AC or DC electric drive.  The ambiguity of the '292 Patent and any rotation convertor system it may employ are too unclear to meet the high burden of proof required under the doctrine of anticipation.  Therefore, summary judgment must be **DENIED**.

## IV. Conclusion

While the products produced by the two companies in this case are clearly different in appearance, genuine issues of material fact exist concerning principles of infringement and invalidity.  Therefore, summary judgment is inappropriate.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2007.

_Rodney S. Webb_
RODNEY S. WEBB, District Judge
United States District Court

5