IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Duratech Industries International, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:05-cv-90 ) ) |
| Bridgeview Manufacturing, Inc., | ) ) ) |
| Defendant. | ) ) |

**<u>Memorandum Opinion and Order</u>**

Before the Court is a Motion for Partial Summary Judgment of Infringement of Claims 1, 2, and 3 filed by Bridgeview (doc. #151). The Court will address the motion below, but because genuine issues of material fact remain, the motion is **DENIED**.

**I.   Background**

Duratech sued Bridgeview for a declaratory judgment of noninfringement or patent invalidity regarding U.S. Patent No. 6,375,104 ("the '104 Patent"). On July 16, 2007, the Court issued its Markman Hearing Memorandum and Opinion, in which it construed the manipulator limitation as a means-plus-function limitation (doc. #100). The Court later denied all summary judgment motions due to the existence of genuine issues of material fact (doc. #134). Pursuant to the parties' stipulation, the Court entered a judgment of noninfringement on December 18, 2007 (doc. #142). On September 12, 2008, the Federal Circuit vacated the Court's claim construction, finding that the Court

incorrectly construed the critical claim element of the '104 patent as a means-plus-function limitation (doc. #145).

**II.  Discussion**

Summary judgment is appropriate where no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.  Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 563 F.3d 1358, 1365 (Fed. Cir. 2009) (citing Fed. R. Civ. P. 56(c)).  Summary judgment may be granted "when no reasonable jury could return a verdict for the nonmoving party."  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Bridgeview argues that all the limitations of claim 1 of the '104 patent are present in Duratech's 2650 Balebuster and 2800 Balebuster, including the claimed "manipulator" and container "right side wall" and "back wall."  Furthermore, Bridgeview contends that Duratech has conceded that its 2650 Balebuster and 2800 Balebuster contain the added limitations of claims 2 and 3.

However, Bridgeview appears to have skipped a step from the Federal Circuit's Opinion to its current motion for summary judgment.  While the Federal Circuit certainly vacated the application of means-plus-function treatment to the "manipulator" claim term, it did not provide an alternative claim construction of "manipulator" consistent with Bridgeview's current motion. Rather, the Federal Circuit merely remanded the Court's claim construction for further proceedings.  Duratech Indus. Int'l,

2

Inc. v. Bridgeview Mfg., Inc., 292 Fed. Appx. 931, 934-35 (Fed. Cir. 2008).  Accordingly, while the Court may not apply means-plus-function treatment, it must construe "manipulator" in a manner consistent with claim construction principles.

Claim terms are generally assigned "their ordinary and customary meanings, according to the customary understanding of a person of ordinary skill in the art who reads them in the context of the intrinsic record."  Agilent Techs., Inc. v. Affymetrix, Inc., - F.3d -, No. 2008-1466, 2009 WL 1553576, at *6 (Fed. Cir. June 4, 2009).  The specification "is the single best guide to the meaning of a disputed term."  Id. (citing Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

In this case, Bridgeview seeks a construction of "manipulator" consistent with its ordinary meaning.  The Court is of the view, however, that such an overly broad construction would not be helpful to a jury because it could encompass virtually any structure that would drive the crop material into the disintegrator.  More importantly, such a construction would contradict any sensible reading of the specification.  Boston Scientific Scimed, Inc. v. Cordis Corp., 554 F.3d 982, 987 (Fed. Cir. 2009) ("Courts may of course rely on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.") (quoting Phillips v. AWH Corp., 415 F.3d 1303, 1322-23 (Fed. Cir. 2005)).

3

Viewing "manipulator" in light of the specification, it is clear the inventor sought to protect a more specific structure, namely, one with rollers.[1]  <u>Erbe Elektromedizin GmbH v. Int'l Trade Com'n</u>, – F.3d –, No. 2008-1358, 2009 WL 1377855, at *5 (Fed. Cir. May 19, 2009) ("We generally do not construe claim language to be inconsistent with the clear language of the specification; '[u]sually, it is dispositive.'").[2]  The Federal Circuit recognized as much in its opinion, noting that "[t]he

---

[1] <u>See</u> col. 3 ll. 1-13 ("the support and manipulation mechanism includes at least two manipulator rollers rotatably mounted inside the container . . . wherein at least one roller is located on each side of the flail roller . . . The cross-section of the manipulator rollers may be substantially square . . . The paddles are positioned . . . through the axis of the manipulator roller . . ."); col. 3 ll. 33-37 ("The support mechanism further includes a number of hoops mounted . . . substantially perpendicular to the . . . manipulator rollers."); col. 5 ll. 20-29 ("The manipulation means **24** comprises at least two rollers **26** rotatably mounted inside the container . . . Each roller **26** extends between the front wall **100** and the back wall **102** of the container **10**. Each roller **26** is rotatable about its own longitudinal axis in either direction usually by a hydraulic motor **262**, though electrical motors may also be used.  A pair of rollers **26** . . . defines a disintegration opening **28** . . ."); col. 5 ll. 34-36 ("In addition to rotating the baled crop material, the rollers **26** define a support surface on which the crop material **12** is supported."); col. 6 ll. 22-23 ("In addition, the manipulator rollers **26** would continue to be rotatable in either direction . . ."); col. 8 ll. 38-39 ("The crop material **12** is loaded into the container **10** onto the rollers **26** and the hoops **22**."); col. 8 ll. 41-42 ("In addition to supporting the crop material **12**, the purpose of the rollers **26** is to rotate the crop material **12** . . ."); col. 8 ll. 53 ("As the rollers **26** rotate the baled crop material . . ."); col. 8 ll 66-67 ("In accordance with the present invention, the manipulation means **24** which includes rollers **26** and walls **104** . . .").

[2] Bridgeview correctly notes that Duratech's reliance on a Canadian court case involving a similar patent to the '104 is misplaced.  The analysis in that case, while interesting, is not controlling in this matter.  However, in light of the specification, the Court believes that "manipulator" in this case involves a structure with rollers.

manipulator has rotating rollers which turn the bale above a simultaneously rotating 'disintegrator.'"  Duratech, 292 Fed. Appx. at 932.  Accordingly, the Court construes "manipulator" to mean "a device that handles objects or materials with rollers."  This definition is consistent with both the specification and the dictionary definitions set forth in the Federal Circuit opinion.  Id. at 933-34.  See Erbe, 2009 WL 1377855, at *6 (construing "working" in a manner consistent with both the specification and general dictionary definitions).

Next, the Court proceeds to the second step of comparing the construed claims to the accused product.  Abbott Labs. v. Sandoz, Inc., - F.3d -, Nos. 2007-1400, 2007-1446, 2009 WL 1371410, at *3 (Fed. Cir. May 18, 2009).  Applying the above claim construction, it is clear that all limitations of claim 1 of the '104 patent are not present in Duratech's 2650 Balebuster and 2800 Balebuster.  The "manipulator" in claim 1 contains rollers inside the container to drive the crop material into the disintegrator.  The alleged "manipulator" in Duratech's products, on the other hand, is comprised of a chain conveyor wholly distinct from the "manipulator" limitation in claim 1.  The Court noted these differences more fully in its previous summary judgment order, albeit under a claim construction that is no longer applicable (doc. #134).  Despite the different claim constructions, the fact remains that Duratech's alleged "manipulator" varies from the roller "manipulator" of claim 1.  Therefore, due to the omission of the "manipulator" structure in its products, Duratech cannot

infringe claim 1.  At the very least, questions of material fact remain as to whether the "manipulator" limitation is met in Duratech's products.  <u>Felix v. American Honda Motor Co., Inc.</u>, 562 F.3d 1167, 1181 (Fed. Cir. 2009).  Thus, Bridgeview's Motion for Partial Summary Judgment of Infringement of Claims 1, 2, and 3 is **DENIED**.

   **IT IS SO ORDERED**.

   Dated this 10th day of June, 2009.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court